UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------X
Amy Allison,

                      Plaintiff,            Civil Action No.:_____

    against

Whitman & Meyers, LLC          **COMPLAINT AND**
                               Defendant.         **DEMAND FOR TRIAL BY JURY**
-------------------------------------------------X

      Now comes Plaintiff Amy Allison (hereinafter referred to as "Plaintiff"), by and through her attorneys, Fredrick Schulman & Associates, Attorneys at Law, and brings this action to recover monetary damages, and declaratory and injunctive relief, against Defendant Whitman & Meyers, LLC (hereinafter referred to as "Defendant"), arising from Defendant's violations of 15 U.S.C. §1692 *et seq.*, commonly referred to as the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA").

## PRELIMINARY STATEMENT

      The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy.  Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §1692(a)-(e).

The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer". Clomon v. Jackson, 988 F.2d 1314 (2d Cir. 1993).

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et seq*. and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. §1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(1).

## PARTIES

3. Plaintiff is a natural person and a resident of the State of California, Contra Costa County.

4. At all relevant times herein, Plaintiff maintained her residence at 78 Randolph Place, San Ramon, California 94583.

5. At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

6. Upon information and belief, Defendant Whitman & Meyers, LLC is a limited liability company incorporated in the State of New York and is authorized to engage in collection activities in the state of California.

7. Upon further information and belief, Defendant engages in the business of collecting debts incurred and debts alleged to be incurred from an office located 4185 Seneca Street, Suite 5, West Seneca, New York 14224.

8. Upon information and belief, Defendant's registered agent, Corporation Services Company, maintains its office address at 80 States Street, Albany, New York 12207.

9. Upon information and belief, Defendant regularly uses the mail and telephone in its business, the principal purpose of which is the collection of debts.

10. Defendant regularly collects or attempts to collect debts for other parties, and therefore, is a debt collector as that term is defined in 15 U.S.C. §1692a(5) of the FDCPA.

11. Upon information and belief, Defendant engaged in communications with Plaintiff, as that term is defined in 15 U.S.C. §1692a(2)

## FACTUAL ALLEGATIONS

12. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "11" herein with the same force and effect as if the same were set forth at length herein.

13. Upon information and belief, Defendant initiated collection activities to recover an alleged debt from Plaintiff (referred to hereinafter as the "Alleged Debt").

14. Upon further information and belief, the nature of the underlying debt allegedly owed is the type of debt that the FDCPA was designed to regulate.

15. On or about June 5, 2013, Plaintiff's mother (referred to hereinafter as "Mrs. Allison") received a prerecorded, automated message from Defendant on her cell phone at 7:40 a.m.

16. In said message, Defendant stated that the call was regarding possible fraudulent activity associated with a checking account.

17. Defendant then provided a toll free contact number and instructed the listener to press one (1) to speak to a live representative.

18. Panicked by the message, Mrs. Allison called the number left in the message and reached Defendant.

19. Mrs. Allison identified herself as Carol Allison at which time Defendant disclosed the he was calling to speak with Plaintiff.

20. Defendant went on to inform Mrs. Allison that Plaintiff committed fraud.

21. During the course of the conversation, Defendant deliberately disclosed the details of Plaintiff's underlying Alleged Debt and threatened that legal action would be taken if the Alleged Debt was not paid.

22. Defendant threatened to send a sheriff to have Plaintiff arrested.

23. Concerned for her daughter's welfare, Mrs. Allison wanted to resolve the Alleged Debt to avoid further action from being taken against Plaintiff.

24. At the time, Mrs. Allison's sister (referred to hereinafter as "Mrs. Ortiz"), was visiting and overheard the conversation between Mrs. Allison and Defendant.

25. Mrs. Ortiz offered to help and provided her own financial information to Defendant to satisfy the Alleged Debt.

26. Defendant took Mrs. Ortiz's payment information and said it would need an authorization form returned in order to complete the transaction.

27. Mrs. Ortiz continued to request that Defendant provide validation of the Alleged Debt.

28. Defendant explained that once the transaction was complete, Mrs. Ortiz would receive a "Paid in Full" letter and that this would answer all of her questions.

29. Defendant sent Mrs. Ortiz a paid in full letter by email on or around June 6, 2013.

30. Upon receiving the email, Mrs. Ortiz grew suspicious because the letter disclosed the last four digits of a social security number other than the Plaintiff's.

31.     Mrs. Ortiz emailed Defendant and Defendant replied to her with a poorly written response disregarding her concerns and firmly reiterating that the transaction was final, despite her reservations.

32.     To date, Plaintiff has not received anything in writing and still does not know the details of the underlying Alleged Debt.

33.     As a direct result of Defendants' deceptive, misleading, and unfair debt collection practices, Plaintiff has suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

**FIRST CAUSE OF ACTION**
**(Violation of 15 U.S.C. §1692b(2))**

34.     Plaintiff repeats, reiterates, and incorporates by reference the allegations contained in paragraphs numbered "1" through "33" above with the same force and effect, as if the same were set forth at length herein.

35.     Defendant's conduct as described in this complaint violated the Fair Debt Collection Practices Act 15 U.S.C. §1692b(2) by failing to limit the subject of its conversation with Plaintiff's mother and aunt to Plaintiff's location information, and by stating to a third party that the consumer owes a debt.

36.     As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged, and is entitled to statutory damages and all costs and reasonable attorney's fees pursuant to the relevant provision of the FDCPA.

## SECOND CAUSE OF ACTION
### (Violation of 15 U.S.C. §1692c(b))

37. Plaintiff repeats, reiterates, and incorporates by reference the allegations contained in paragraphs numbered "1" through "36" above with the same force and effect, as if the same were set forth at length herein.

38. Defendant's conduct as described in this complaint violated the Fair Debt Collection Practices Act 15 U.S.C. §1692c(b) by communicating with someone other than the consumer, consumer's attorney, or credit bureau concerning the debt.

As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged, and is entitled to statutory damages and all costs and reasonable attorney's fees pursuant to the relevant provision of the FDCPA.

## THIRD CAUSE OF ACTION
### (Violation of 15 U.S.C. § 1692d(2))

39. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "38" herein with the same force and effect as if the same were set forth at length herein.

40. Defendant's conduct violated 15 U.S.C. §1692d(2) in that Defendant used abusive language in its communication with the Plaintiff, when it threatened to send a sheriff to arrest Plaintiff.

41. As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## FOURTH CAUSE OF ACTION
### (Violations of 15 U.S.C §1692e)

42.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "41" herein with the same force and effect as if the same were set forth at length herein.

43.     Defendant's debt collection efforts attempted and directed towards Plaintiff violated 15 U.S.C. §1692e, in that Defendants made false, deceptive, and misleading representations in connection with the collection of the Alleged Debt, when it left an automated voice-mail stating that there was fraudulent activity associated with a checking account in an effort to have a consumer call Defendant back.

44.     As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## FIFTH CAUSE OF ACTION
### (Violation of 15 U.S.C. § 1692e(2))

45.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "44" herein with the same force and effect as if the same were set forth at length herein.

46.     Defendant's conduct violated 15 U.S.C. §1692e(2) in that Defendant misrepresented the character, amount, or legal status of the alleged debt.

47.     As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

### SIXTH CAUSE OF ACTION
### (Violations of 15 U.S.C §1692e(4))

48.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "47" herein with the same force and effect as if the same were set forth at length herein.

49.     Defendant violated 15 U.S.C. §1692e(4), in that Defendant stated that non-payment of the Alleged Debt will result in arrest or imprisonment.

50.     As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

### SEVENTH CAUSE OF ACTION
### (Violations of 15 U.S.C §1692e(5))

51.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "50" herein with the same force and effect as if the same were set forth at length herein.

52.     Defendant's debt collection efforts attempted and directed towards Plaintiff violated 15 U.S.C. §1692e(5), in that Defendant threatened to take action that cannot be legally taken or that is not intended to be taken.

53.     As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

### EIGHTH CAUSE OF ACTION
### (Violations of 15 U.S.C §1692e(11)

54.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "53" herein with the same force and effect as if the same were set forth at length herein.

55. Defendant's conduct violated 15 U.S.C. §1692e(11) in that Defendant failed to provide the required Mini-Miranda disclosures in the initial communication and failed to indentify itself as a debt collector in subsequent communications.

56. As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## NINTH CAUSE OF ACTION
### (Violations of 15 U.S.C §1692g)

57. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "56" herein with the same force and effect as if the same were set forth at length herein.

58. Defendant's conduct violated 15 U.S.C. §1692g(a) in that Defendant failed to send a 30-day validation notice to Plaintiff containing the Plaintiff's rights to dispute the debt and request validation, within 5 days of initial communication. To date, Defendant has not sent such a notice to Plaintiff.

59. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

60. Plaintiff hereby demands a trial by jury for all claims and issues in this complaint for which the Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Amy Allison demands judgment from the Defendant Whitman & Meyers, LLC as follows:

A. For statutory damages provided and pursuant to 15 U.S.C. Sec.1692k(a)(2)(A);

B. For attorneys' fees and costs provided and pursuant to 15 U.S.C. Sec. 1692k(a)(3);

C. For a declaration that the Defendants' practices violated the FDCPA; and,

D. For any such other relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
      July 3, 2013

Respectfully submitted,

By: __s/Fredrick Schulman__
    Fredrick Schulman
    Fredrick Schulman & Associates
    30 East 29TH Street
    New York, New York 10016
    (212) 796-6053
    info@fschulmanlaw.com
    Attorneys for Plaintiff